IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIGITTE DRECHSEL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-07-874-D |
| | ) |
| ANGELA BARROWS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 13] pursuant to Fed. R. Civ. P. 12(b)(1).[1] Defendants contend subject matter jurisdiction is lacking for this mandamus action, which seeks to compel the U.S. Citizenship and Immigration Service (USCIS), the Federal Bureau of Investigation (FBI), and other federal officials to process Plaintiff Brigitte Drechsel's Form I-485 Application to adjust her immigration status. Defendants assert that Plaintiffs' action does not fall under any of the jurisdictional statutes invoked in the Complaint – 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1361 (mandamus), and 5 U.S.C. § 704 (Administrative Procedures Act) – and that the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B) otherwise prevents this Court from exercising jurisdiction.[2] Plaintiff opposes the motion, which is at issue.

This case is one of many generated by USCIS's refusal to adjudicate an I-485 application until an FBI name check is complete, even though the FBI's backlog of name check requests may

---

[1] The motion also invokes Fed. R. Civ. P. 12(b)(6) but includes no separate argument why the Complaint fails to state a claim for relief.

[2] The Complaint also invokes the Declaratory Judgment Act, 28 U.S.C. § 2201, but it is not a jurisdictional statute.

cause years of delay.[3]  Legal arguments like the ones presented in this case have divided federal district courts and judges within this district.  *Compare Linville v. Barrows*, 489 F. Supp. 2d 1278 (W.D. Okla. 2007) (Russell, J.) (jurisdiction); *with Guo v. Chertoff*, No. CIV-07-0062-HE, Order (W.D. Okla. Aug. 31, 2007) (Heaton, J.) (no jurisdiction).  For reasons that follow, the Court finds the existence of subject matter jurisdiction in this case.  The Court sees no need, however, to replicate a complete analysis of the issues presented; they have been thoroughly discussed in a substantial, ever-increasing body of case law.  The Court states only its conclusions in this Order and, by citations of supporting authorities, refers the reader to further explanations provided by numerous published district court decisions.

The Administrative Procedures Act mandates that a federal agency must conclude a matter within a reasonable time, *see* 5 U.S.C. § 555(b), and that federal courts must compel "agency action unlawfully withheld or unreasonably delayed, *id*. § 706(1).  The Attorney General has discretionary authority to adjust an alien's status, *see* 8 U.S.C. § 1255(a), but USCIS's duty to act on an application for adjustment – that is, to render a decision either granting or denying it – is mandatory, *see*, *e.g.*, 8 C.F.R. § 245.2(a)(5)(i) (requiring notice to the applicant of a decision and reasons for denial).  Accordingly, a district court has federal question jurisdiction under 28 U.S.C. § 1331 to determine whether Defendants have complied with the APA's mandate of agency action within a reasonable time and has mandamus jurisdiction under 28 U.S.C. § 1361 to compel USCIS to act on Plaintiff's I-485 application, regardless of what action is taken.  *See Linville*, 489 F. Supp. 2d at 1280-81; *see also Burni v. Frazier*, – F. Supp. 2d –, 2008 WL 639722, *5-9 (D. Minn. 2008); *Ceken*

---

[3] Defendants have submitted evidentiary materials showing Ms. Drechsel's Form I-485 Application was filed on September 23, 2004, and USCIS submitted her name check request to the FBI on December 15, 2004.

*v. Chertoff*, 536 F. Supp. 2d 211, 216-17 (D. Conn. 2008); *He v. Chertoff*, 528 F. Supp. 2d 879, 881-83 (N.D. Ill. 2008); *Liu v. Novak*, 509 F. Supp. 2d 1, 8-9 (D.D.C. 2007).  Further, the jurisdictional bar created by 8 U.S.C. § 1252(a)(2)(B)(ii), which divests federal courts of jurisdiction to review discretionary immigration decisions, does not immunize USCIS's decision to withhold adjudication of I-485 applications.  *See Linville*, 489 F. Supp. 2d at 1281-82; *see also Burni*, 2008 WL 639722 at *3-5; *Aslam v. Mukasey*, 531 F. Supp. 2d at 739-42 (E.D. Va. 2008); *He*, 528 F. Supp. 2d at 884-86; *Liu*, 509 F. Supp. 2d at 4-7.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. No. 13] is DENIED.

IT IS SO ORDERED this 23rd day of April, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE